UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
FOXDALE MANAGEMENT LLC and SAMUEL WEISER,

                               *Plaintiffs,*

-against-

NEW DIRECTION BIOSCIENCES, INC., STEVEN A. VICTOR and REGEN MEDICAL MANAGEMENT LLC,

                               *Defendants.*
-------------------------------------------------------------------- X

Case No.:

## COMPLAINT

      Plaintiffs Foxdale Management LLC ("Foxdale") and Samuel Weiser ("Weiser"), by their attorneys, Poler Legal LLC, as and for their Complaint against New Direction Biosciences, Inc., Steven A. Victor and ReGen Medical Management LLC allege as follow:

## NATURE OF THE ACTION

      1.      Foxdale provides consulting services, including out-sourced chief financial officer and management services.  Weiser is Foxdale's principal.

      2.      Defendant New Direction Biosciences, Inc. ("New Direction"), a Delaware corporation, by a written agreement, retained Foxdale to provide services in connection with raising capital and a potential public offering.  In breach of the parties' written agreement, New Direction has never paid Foxdale.

      3.      As set forth in further detail below, to the extent New Direction claims it does not have funds to pay Foxdale, Defendants Steven A. Victor and/or ReGen Medial Management LLC are liable for New Direction's debt due to their dominion over New Direction.

**PARTIES, JURISDICTION AND VENUE**

4. Foxdale is an Illinois limited liability company doing business at 565 Willow Road, Winnetka, Illinois 60093.

5. Weiser is an individual residing at 565 Willow Road, Winnetka, Illinois, 60093.

6. Defendant New Direction is, on information and belief, a Delaware corporation doing business under the name New Direction**s** Biosciences, Inc. at 460 Park Avenue, 17th Floor, New York, NY 10022.  New Direction is not authorized to do business in the State of New York.

7. Defendant Steven Victor ("Victor"), is a medical doctor who practices medicine at 460 Park Avenue, 17th Floor, New York, NY 10022.

8. Defendant ReGen Medical Management LLC ("ReGen") is a Delaware limited liability company doing business at 460 Park Avenue, 17th Floor, New York, New York 10022. It is authorized to do business in the State of New York.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as there is diversity among the parties and the amount in controversy exceeds $75,000.

10. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 (b)(1) and (2).

**FACTUAL BACKGROUND**

**The Parties**

11. Foxdale provides operational consulting services to both private and public companies. This work includes process improvement, strategic planning, corporate restructuring, turnaround management, strategic consulting, and interim management projects.

12. New Direction holds itself out as a clinical-stage biomedicine company that is developing certain stem cell therapies.  New Direction claims that, unlike many clinical-stage

firms, it generates revenues. According to New Direction, these revenues come from the sale of products with purported regenerative, restorative and cosmetic benefits.

13.   According to his website, Victor is "Board Certified in Regenerative Medicine and Stem Cell Therapy."

14.   In addition to practicing medicine, Victor has founded numerous companies. Victor and these companies have had multiple legal issues, including one lawsuit alleging that Victor and his wife, Anna Rhodes ("Rhodes"), used money invested in a company they founded to finance lavish personal expenses.[1]

**Victor Approaches Foxdale**

15.   In or about July 2017, Victor and John Huber III ("Huber"), approached Foxdale about providing chief financial officer services to New Direction.

16.   On information and belief, Huber's firm – Mango & Huber, LLC CPAs – is ReGen's accountant.

17.   At that time, according to Victor and Huber, New Direction was in discussions with an investment bank and required assistance with an anticipated public offering.

**New Direction Lacks Basic Corporate Formalities**

18.   On information and belief, both before and after July 2017, New Direction had not created or maintained appropriate financial records or controls. On further information and belief, New Direction's money was co-mingled with funds belonging to Victor and ReGen.

19.   This belief is based on the following: (a) in 2017, Huber told Foxdale that there were no separate financial statements for New Direction and no effort had been made to separate New Direction's revenues and expenses from those of ReGen or other entities controlled by

---

[1] See *Trident Growth Fund L.P. et al. v. Victor Cosmeceuticals, Inc.*, 06 Civ. 13292 ¶¶ 43-45 (S.D.N.Y.) (alleging that Victor and Rhodes used investment proceeds to pay personal credit card bills).

Victor; (b) the individuals working for New Direction were actually employed by ReGen or other entities controlled by Victor; and (c) payments to New Direction arranged by Victor were either not deposited into New Direction's bank account or were paid to third-parties without any evidence that those parties were owed money by New Direction.

**The Parties' Agreement**

20.     In August 2017, Foxdale executed an agreement with "New Direction**s** Biosciences, Inc." A copy of this agreement, which is dated August 7, 2017, is attached hereto as Exhibit A (the "Agreement").

21.     Victor executed the Agreement on behalf of New Direction. (*Id*.)

22.     Pursuant to the Agreement, New Direction agreed to pay Foxdale a monthly retainer of $10,000 per month payable in advance. (*Id.* ¶ 2.)

23.     The Agreement had an initial term of 90 days. (*Id*. ¶ 5.) It further provided that the Agreement would automatically renew for an additional 90 days unless New Direction gave 30 days' notice that it did not wish to renew. (*Id*.)

24.     After being retained, Foxdale performed a variety of work including, but not limited to: participating in conversations with investment banks; to the extent information was provided to him by Victor and Huber, preparing accounting records; creating projections based on information provided by Victor and Huber; drafting term sheets; and drafting and reviewing marketing materials. Foxdale continued to work for New Direction through approximately July 2018, in accordance with the Agreement, which has never been terminated by New Direction.

25.     Despite its promise to pay Foxdale, the fact that the Agreement remained in effect and Foxdale's performance, New Direction has not paid Foxdale any of the amounts due to Foxdale.

26. Foxdale repeatedly raised the issue of non-payment with New Direction. In response, New Direction claimed that it did not have the funds to pay its obligations under the Agreement, but promised to make good on its debt.

**New Direction's Further Promises**

27. In an effort to keep Foxdale working in spite of New Direction's breach of the parties' agreement, New Direction acknowledged its debt to Foxdale in a letter dated March 9, 2018, a copy of which is attached hereto as Exhibit B (the "Letter Agreement").

28. The Letter Agreement, which is signed by Victor, states that New Direction has "every intention of honoring its obligations to Foxdale, although it cannot make payment now." (Ex. B at 1.)

29. The Letter Agreement further states "[New Direction] will make immediate payment [i]n the event of any of the following occurrences: (i) a bridge loan of $500,000 or greater; (ii) an equity investment of $500,000 or greater; **or (iii) April 13, 2018. It is understood that [New Direction] will make payment upon the first of these events to occur**." (*Id.* (emphasis added).)

30. The Letter Agreement further states that if New Direction "fail[s] to make payment as proscribed in this letter, [New Direction] acknowledges that it will be obligated to pay Foxdale the full amount contractually due of $87,782 plus any additional amounts that become due and payable . . . ." (*Id.*)

31. The Letter Agreement was signed by Victor "on behalf of New Direction Biosciences, Inc." (*Id.*)

32. In reliance on the Letter Agreement, Foxdale continued to provide services to New Direction.

33. It is unclear if, since the date of the Letter Agreement, New Direction received a bridge loan or an equity investment.

34. However, the third condition – the occurrence of April 13, 2018 – has clearly occurred.

35. Despite this, New Direction has still not paid Foxdale either the $87,782 promised in the Letter Agreement or amounts that subsequently became due.

36. New Direction also tried to ensure that Foxdale continued to work for New Direction by promising Weiser – Foxdale's principal – shares in New Direction. For example, in or about January or February 2018, Victor circulated a table showing New Direction's shareholders. This table showed that Weiser owned 75,000 shares in New Direction. At that time, Victor valued shares in New Direction at $2.42 per share.

37. These shares have never been delivered to Weiser.

### FIRST CAUSE OF ACTION
### By Foxdale Against New Direction, Victor and ReGen
### (Breach of Contract)

38. Plaintiffs repeat and re-allege paragraphs 1 through 37 as if set forth fully herein.

39. The Agreement is a valid and binding agreement pursuant to which New Direction agreed to pay Foxdale.

40. The Letter Agreement is also a valid and binding agreement pursuant to which New Direction agreed to pay Foxdale upon the occurrence of the first of three conditions.

41. At least one of these three conditions – the passage of April 13, 2018 – has been satisfied.

42. New Direction breached its obligations to Foxdale under both the Agreement and the Letter Agreement.

43. Foxdale has been damaged by New Direction's breach of the Agreement and the Letter Agreement in an amount to be determined at trial, but in no event less than $157,742.

44. Alternatively, Victor is liable for New Direction's obligations to Foxdale because he exercised complete dominion over New Direction and used that dominion to strip New Direction of assets that should have been used to pay Foxdale.

45. In the further alternative, ReGen is liable for New Direction's obligations to Foxdale because it exercised complete dominion over New Direction and used that dominion to strip New Direction of assets that should have been used to pay Foxdale.

### SECOND CAUSE OF ACTION
### By Weiser Against New Direction
### (Unjust Enrichment)

46. Plaintiffs repeat and re-allege paragraphs 1 through 45 as if set forth fully herein.

47. In an effort to ensure that Foxdale and, by extension, Weiser, continued to provide services to New Direction despite New Direction's non-payment, Victor circulated a document showing that Weiser owned 75,000 shares in New Direction.

48. Despite this, these shares have never been delivered to Weiser.

49. New Direction, at Weiser's expense, has been enriched by its failure to deliver these shares which, according to Victor, were worth approximately $2.42 per share.

50. It would be inequitable to allow New Direction to retain these shares.

### PRAYER FOR RELIEF

WHEREFORE, Foxdale prays for relief and demands judgment against Defendants as follows:

(a) On the first cause of action, judgment against New Direction, Victor and/or ReGen in favor of Foxdale and in an amount to be determined at trial, but in any event, no less than $157,742;

(b) On the second cause of action, judgment against New Direction in an amount to be determined at trial, but in any event, no less than $150,000;

(c) For expenses, costs and attorney's fees;

(d) For prejudgment and post-judgment interest; and

(e) For such other and further relief as the Court deems just and equitable.

Dated: New York, New York
December 3, 2018

                    POLER LEGAL LLC

By: _____
      Emily A. Poler

594 Dean Street
Brooklyn, NY 11238

*Attorneys for Plaintiff*
*Foxdale Management LLC*