UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FOXDALE MANAGEMENT LLC
and SAMUEL WEISER,

                            Plaintiffs,

          –against–

NEW DIRECTION BIOSCIENCES,
INC., STEVEN A. VICTOR and
REGEN MEDICAL MANAGEMENT
LLC,

                            Defendants.
-------------------------------------------------------x

ECF CASE

Case No. 18-cv-11241 (PKC) (SN)

**ANSWER**

       Defendants, New Direction Biosciences, Inc. ("New Direction"), Steven A. Victor ("Dr. Victor") and Regen Medical Management LLC, for their Answer to the Complaint in the above-captioned action, state and allege as follows:

       1. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint.

       2. Admit that New Direction is a Delaware corporation, that New Direction entered into a written agreement with plaintiff Foxdale Management LLC ("Foxdale"), and that New Direction has not paid Foxdale, but respectfully refer the Court to the parties' agreement for its true content force and effect, and otherwise deny the allegations in paragraph 2 of the Complaint.

       3. Deny the allegations in paragraph 3 of the Complaint.

       4. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint.

       5. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint.

6. Admit the allegations in paragraph 6 of the Complaint, except deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that New Direction is not authorized to do business in the State of New York.

7. Admit the allegations in paragraph 7 of the Complaint.

8. Admit the allegations in paragraph 8 of the Complaint.

9. In response to paragraph 9 of the Complaint, respectfully refer questions of law to the Court, including questions concerning the Court's jurisdiction.

10. In response to paragraph 10 of the Complaint, respectfully refer questions of law to the Court, including questions concerning the proper venue for this action.

11. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint.

12. Deny having sufficient knowledge or information to form a belief as to the truth of falsity of the allegations in paragraph 12 of the Complaint.

13. Admit the allegations in paragraph 13 of the Complaint.

14. Admit that Dr. Victor has founded companies and that some of those companies have been parties in lawsuits, respectfully refer the Court to the pleadings and other documents of record in those lawsuits for their true content, force and effect, and otherwise deny the allegations in paragraph 14 of the Complaint.

15. Admit the allegations in paragraph 15 of the Complaint.

16. Admit the allegations in paragraph 16 of the Complaint.

17. Admit the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint.

19. Deny having sufficient knowledge or belief to form a belief as to the truth or falsity of the allegations that John Huber III made certain statements to Foxdale, and otherwise deny the allegations in paragraph 19 of the Complaint.

20. Admit the allegations in paragraph 20 of the Complaint.

21. Admit the allegations in paragraph 21 of the Complaint.

22. Respectfully refer the Court to the parties' agreement for its true content, force and effect, and otherwise deny the allegations in paragraph 22 of the Complaint.

23. Respectfully refer the Court to the parties' agreement for its true content, force and effect, and otherwise deny the allegations in paragraph 23 of the Complaint.

24. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint.

25. Admit that New Direction has not paid Foxdale, but respectfully refer the Court to the parties' agreement for its true content force and effect, and otherwise deny the allegations in paragraph 25 of the Complaint.

26. Respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint.

27. Respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny the allegations in paragraph 27 of the Complaint.

28. Admit that Dr. Victor signed the letter dated March 9, 2018, but respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny the allegations in paragraph 28 of the Complaint.

29. Respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny the allegations in paragraph 29 of the Complaint.

30. Respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny the allegations in paragraph 30 of the Complaint.

31. Admit that Dr. Victor signed the letter dated March 9, 2018, but respectfully refer the Court to the letter for its true content force and effect, and otherwise deny the allegations in paragraph 31 of the Complaint.

32. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Admit that April 13, 2018 has occurred, but respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny the allegations in paragraph 34 of the Complaint.

35. Admit that New Direction has not paid Foxdale, but respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny the allegations in paragraph 34 of the Complaint.

36. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Complaint, except deny that New Direction promised plaintiff Samuel Weiser ("Weiser") shares in New Direction.

37. Admit that shares of New Direction have not been delivered to Weiser, but otherwise deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 37 of the Complaint.

38. Repeat and reallege the foregoing responses to paragraphs 1 through 37 of the Complaint, in response to paragraph 38 of the Complaint, as though they were full set forth herein.

39. Respectfully refer questions of law to the Court, respectfully refer the Court to the parties' agreement for its true content, force and effect, and otherwise deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint.

40. Respectfully refer questions of law to the Court, respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 40 of the Complaint.

41. Admit that April 13, 2018 has occurred, but respectfully refer the Court to the letter dated March 9, 2018 for its true content, force and effect, and otherwise deny the allegations in paragraph 41 of the Complaint.

42. Respectfully refer questions of law to the Court, respectfully refer the Court to the parties' agreement and the letter dated March 9, 2018 for their true content, force and effect, and otherwise deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny the allegations in paragraph 44 of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Repeat and reallege the foregoing responses to paragraphs 1 through 45 of the

Complaint, in response to paragraph 46 of the Complaint, as though they were full set forth herein.

47. Deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 47 of the Complaint.

48. Admit that shares of New Direction have not been delivered to Weiser, but otherwise deny having sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint.

50. Deny the allegations in paragraph 50 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

51. The Complaint fails to state claim on which relief may be granted to plaintiffs.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

52. All or part of the relief sought by plaintiffs is barred by plaintiffs' own prior breach of the parties' agreement.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

53. All or part of the relief sought by plaintiffs is barred because plaintiffs failed to perform their services on behalf of New Direction in a good and workmanlike manner, and produced work product which was unnecessary, not requested, or of no value to New Direction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

54. All or part of the relief sought by plaintiffs is barred under the doctrines of waiver, estoppel and/or ratification.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

55. All or part of the relief sought by plaintiffs is barred because plaintiffs failed to mitigate their damages.

**WHEREFORE**, defendants, New Direction Biosciences, Inc., Steven A. Victor and Regen Medical Management LLC, respectfully request that the Court make and enter a judgment dismissing the Complaint, awarding defendants their costs and disbursements in this action, and granting defendants such other, further or different relief as the Court may deem to be just and proper.

Dated: New York, New York
December 26, 2018

*/s/ Stuart L. Sanders*
Stuart L. Sanders, Esq.
KAZLOW & KAZLOW
Attorneys for Defendants
237 West 35th Street, 14th Floor
New York, NY 10001
Tel.: (212) 947-2900
Fax: (212) 563-0629
E-mail: ssanders@kazlowandkazlow.com

To: Emily A. Poler, Esq.
POLER LEGAL LLC
Attorneys for Plaintiffs
594 Dean Street
Brooklyn, NY 11238