UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FOXDALE MANAGEMENT LLC,

                      Plaintiff,                      18-cv-11241 (PKC)

     -against-                          <u>ORDER</u>

NEW DIRECTION BIOSCIENCES, INC., et al.,

                      Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiffs were originally represented by counsel in this matter. (Doc 1.) On March 18, 2019 the Court granted counsel's motion to withdraw. In the Court's Order granting the motion it also Ordered the parties to appear for a conference on May 1, 2019:

> **PLAINTIFF FOXDALE MANAGEMENT LLC IS ADVISED THAT, BECAUSE IT IS NOT A NATURAL PERSON, IT IS NOT PERMITTED TO APPEAR IN THIS COURT, EXCEPT THROUGH AN ATTORNEY WHO IS ADMITTED TO PRACTICE IN THIS COURT. IF, BY APRIL 15, 2019, FOXDALE MANAGEMENT LLC FAILS TO CAUSE A NOTICE OF APPEARANCE TO BE FILED WITH THIS COURT BY AN ATTORNEY ADMITTED TO PRACTICE BEFORE THIS COURT, THE ACTION WILL BE DISMISSED FOR FAILURE TO PROSECUTE. SAMUEL WEISER IS ADVISED TO CONSIDER RETAINING COUNSEL. HOWEVER, AS NATURAL PERSON HE IS PERMITTED TO PROCEED WITHOUT AN ATTORNEY. HE IS INVITED TO CONTACT THE COURT'S PRO SE OFFICE. THE MARCH 27, 2019 CONFERENCE IS ADJOURNED TO MAY 1, 2019 at 11:30 a.m. ALL PARTIES MUST APPEAR BY COUNSEL FOR A PRETRIAL CONFERENCE MAY 1, 2019 at 11:30 a.m. IN COURTROOM 11D IN THE DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE, 500 PEARL STREET, NEW YORK, NY 10007, EXCEPT THAT SAMUEL WEISER MAY APPEAR EITHER IN PERSON OR BY COUNSEL. IF ANY DEFENDANT FAILS TO APPEAR AT THE MAY 1, 2019 CONFERENCE, THE COURT WILL ENTERTAIN A MOTION TO HOLD THEM IN DEFAULT FOR FAILURE TO COMPLY WITH THIS ORDER.**

Despite the warning neither plaintiff appeared at the May 1 conference. Following the May 1 conference, the Court issued a further Order:

> There was no appearance by Foxdale Management LLC or Stephen Weiser at today's conference. Foxdale Management LLC and Samuel Weiser shall carefully review the annexed Order of March 18, 2019. The time for Foxdale Management LLC to cause a notice of appearance to be filed by an attorney admitted to practice before this Court is extended to May 31, 2019. Today's conference will be continued to June 19, 2019 at 10:30 a.m. Foxdale Management LLC and Samuel Weiser shall appear on June 19, 2019 at 10:30 a.m. or the action will be dismissed. Emily A. Poler shall serve this Order on Foxdale LLC and Stephen Weiser at their last known addresses and file an affidavit of service within five (5) days.

Both Ms. Poler, plaintiffs' former counsel and Mr. Sanders, counsel for the defendants, served the Order of May 1 on the plaintiffs. Yet neither plaintiff appeared at today's conference. Defendant has orally moved to dismiss for failure to prosecute.

Dismissal for failure to prosecute is considered "a 'harsh remedy' that should 'be utilized only in extreme situations.'" Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). In weighing dismissal, the Court should consider whether: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions." U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 254 (2d Cir. 2004). "[N]one of the five factors is separately dispositive . . . ." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 210 (2d Cir. 2001). Where the failure to prosecute is by a pro se litigant, "district courts should be especially hesitant to dismiss for

procedural deficiencies" and should only dismiss "when the circumstances are sufficiently extreme." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).

The action was commenced December 3, 2018.  No discovery has taken place and no initial conference has been possible because of plaintiffs' inaction.  The docket does not reflect any communication by Foxdale LLC or Mr. Weiser since their former lawyer moved to withdraw on February 26, 2019.

The Court's Order advised plaintiffs that their failure to appear would result in dismissal.  It was a clear, non-technical warning of the consequences of non-compliance.  Because plaintiffs have not heeded the warning that dismissal for failure to prosecute would result from his failure to appear, there is no reason to believe that a lesser sanction would be efficacious in bringing him into compliance.

Further delay would disrupt the administration of justice because the Court has been precluded that from effectively managing the case.  Defendants cannot bring the case to conclusion on the merits because of plaintiffs' failure to appear.  There is no indication that plaintiffs have an interest in pursuing their day in Court.

Even affording Mr. Weiser special solicitude as a pro se party, "the circumstances are sufficiently extreme" to warrant dismissal.  See Lucas, 84 F.3d at 535.  In light of the foregoing, the Court concludes that the factors set forth in Drake, 375 F.3d at 254, weigh substantially in favor of dismissing this action for failure to prosecute and failure to comply with the May 23, 2019 Order.

The action is DISMISSED WITH PREJUDICE.  The Clerk is directed to terminate all motions, ENTER JUDGMENT IN FAVOR OF THE DEFENDANTS and close the case.

- 4 -

Defendants' attorney is directed to mail a copy of this Order to plaintiff at his last known address and file an affidavit of service of the Order within seven (7) days.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 19, 2019